J-S08045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.J., a Minor | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.J., Birth Mother | : | No. 1546 WDA 2015 |

Appeal from the Order September 11, 2015
in the Court of Common Pleas of Allegheny County,
Orphans' Court Division, No(s): CP-02-AP-0000098-2015

| | | |
|---|---|---|
| IN RE: ADOPTION OF T.J. a/k/a T.S., a Minor | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.J., Birth Mother | : | No. 1547 WDA 2015 |

Appeal from the Order Entered September 11, 2015
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): CP-02-AP-0000099-2015

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 19, 2016**

C.J. ("Mother") appeals from the Orders granting the Petitions filed by the Allegheny County Office of Children Youth and Families ("CYF") to involuntarily terminate her parental rights to her minor child, A.J., a daughter born in July 2007, and T.J. a/k/a T.S., a daughter born in

December 2011 (collectively, "Children"), pursuant to 23 Pa.C.S.A. § 2511(a), (2), (5), (8) and (b).[1] We affirm.

The trial court aptly summarized the factual and procedural history of this case, which we adopt for the purpose of this appeal. **See** Trial Court Opinion, 10/15/15, at 1-4.

Relevantly, in April 2013, CYF received a report from Children's maternal grandmother ("Grandmother") that Mother had left Children in her care and did not return at the agreed time. Mother also did not provide Grandmother with supplies to care for Children.[2] Children were adjudicated dependent in May 2013.

Within the following month, Family Service Plan ("FSP") goals were developed for Mother. Mother was incarcerated from July 2013 to August 2013, after violating a protection from abuse order that Grandmother had obtained against her. Mother missed several drug screens and was unable to provide evidence of mental health treatment.

In June 2015, CYF filed an Involuntary Termination of Parental Rights ("ITPR") Petitions against Mother under 23 Pa.C.S.A. § 2511(a)(2), (5), (8) and (b).

---

[1] CYS included F.E., biological father of A.J., in its Petition for involuntary termination of parental rights. F.E. was deceased at the time CYS filed its Petition. CYS also included S.J. and any unknown father of T.J. in its Petition for involuntary termination of parental rights. S.J. and any unknown father did not file an appeal.

[2] Children has been in the care of Grandmother since April 24, 2013, pursuant to a court order.

The trial court conducted a hearing on the Petitions on September 11, 2015. After hearing the evidence, the trial court terminated Mother's parental rights to Children under 23 Pa.C.S.A. § 2511(a)(2), (5), (8) and (b). Mother filed a timely Notice of Appeal and a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Mother raises the following question for our review: "Did the trial court abuse its discretion and/or err as a matter of law in concluding the CYF met its burden of proving that termination of [] Mother's parental rights would best serve the needs and welfare of [Children,] pursuant to 23 Pa.C.[S.]A. § 2511(b)[,] by clear and convincing evidence[?]" Mother's Brief at 6.

We review an appeal from the termination of parental rights in accordance with the following standard:

> In an appeal from an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence presented as well as the trial court's factual findings and legal conclusions. However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Termination of parental rights is controlled by section 2511 of the Adoption Act. *See* 23 Pa.C.S.A. § 2511. The burden is upon the petitioner "to prove by clear and convincing evidence that its asserted grounds for seeking the termination of parental rights are valid." *In re R.N.J.*, 985 A.2d

273, 276 (Pa. Super. 2009). "[C]lear and convincing evidence is defined as testimony that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *Id.* (citation and quotation marks omitted). Further, the "trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence." *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004). If the competent evidence supports the trial court's findings, "we will affirm even if the record could also support the opposite result." *In re Adoption of T.B.B.*, 835 A.2d 387, 394 (Pa. Super. 2003).

Satisfaction of any one subsection of Section 2511(a), along with consideration of Section 2511(b), is sufficient for the involuntary termination of parental rights. *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). In this case, Mother concedes that CYF met its burden pursuant to Section 2511(a)(2), (5) and (8), and only challenges the trial court's determination as to Section 2511(b), which states the following:

**§ 2511. Grounds for involuntary termination.**

\* \* \*

**(b) Other considerations.**—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not

- 4 -

consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(b).

Mother contends that the trial court erred in granting the ITPR Petition because CYF did not satisfy by clear and convincing evidence that the termination of her parental rights would serve Children's needs and welfare. Mother's Brief at 12, 14. Mother claims that she was not provided services to help her achieve her FSP goals. *Id.* at 14. Mother further claims that she maintains a relationship with Children through consistent visits. *Id.* at 14, 15, 17. Mother argues that a permanency goal of subsidized permanent legal custodianship would allow her to maintain a relationship with Children, while also giving her time to prepare herself to care for Children later. *Id.* at 15-16, 19-20. Additionally, Mother asserts that there is no evidence to establish that her mental health would negatively affect her relationship with Children. *Id.* at 18.

The trial court set forth the relevant law regarding Section 2511(b), and determined that it was in Children's best interest to terminate Mother's parental rights. *See* Trial Court Opinion, 10/15/15, at 4-7. Upon our review, the trial court appropriately applied Section 2511(b) to this case, and we adopt its Opinion for the purpose of this appeal. *See id.*

Accordingly, the trial court did not err in granting the ITPR Petitions.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016